Doris Ross
vs.
Michael Larkin
} No. 84256.

July 23, 1931.

FROST, J. Heard on defendant's motion for new trial after verdict for the plaintiff in the sum of $1,500.

This is a suit brought to recover damages for personal injuries received on Sunday morning, June 29, 1930, when plaintiff was walking southerly on the westerly sidewalk of Elmwood avenue in the City of Cranston. Plaintiff had attended church and was walking home with one Miss Schofield. She heard a noise, looked around and before she could do anything was hit by an automobile which had come upon the sidewalk. She was knocked down and received painful injuries which incapacitated her for several weeks. She herself was free from any negligence causing or contributing to the accident. The automobile which struck Miss Ross had a moment before been in collision with a second machine and the question is whether both drivers were guilty of negligence or only one and if but one, which one.

Michael Larkin, a man 57 years of age, was driving the machine which struck Miss Ross. In it were his wife and two daughters. He testified that they were going to Narragansett Pier; that he was in no hurry; that the highway had four lanes and he was driving in the second lane from the right; that he was intending at the time to turn back into the first lane; that a machine going in the same direction in which he was going came from the third lane, passed and cut in front of him; that this machine's left rear mudguard came in contact with the left front mudguard of his own machine; that the steering wheel went out of his hands when his machine was struck; that his car turned sharply to the right and went upon the sidewalk and against the fence.

Margaret V. Larkin, a young woman twenty-five years of age, daughter of the defendant, was sitting in the front seat to the right of her father. She testified that her father was driving in the second lane; that a car, as it was afterward found, driven by Dr. Chapian, passed their car on the left and cut in on them; that the right rear end of the Doctor's car struck the left front mudguard of their car; that their car turned sharply to the right.

Alice M. Larkin, another daughter, nineteen years of age, sat behind her sister. She testified that the collision occurred as already related.

Larkin's brakes were tested and found to be all right.

Dr. Chapian, who testified for the plaintiff in rebuttal, said that Larkin was traveling partly in the second lane but mostly in the third lane; that a car passed swiftly on Larkin's left, causing Larkin to go to his right; that he was ten or fifteen feet behind Larkin and wholly in the second lane; that when Larkin veered to his right he turned to his left and passed Larkin; that his right rear fender hit some part of Larkin's car; that he did not know that the two cars were in contact until his brother told him of it. He denied that he cut in front of Larkin.

Larkin may have been driving in the third lane, or mostly so, as Dr. Chapian said, but there seems to be no

reason for it from anything that appeared in the testimony. The Doctor's story did not impress the Court when it was given on the stand and a further consideration of it at this time does not change the Court's impression that it was not an accurate statement of actual occurrence.

The Court thinks the fair preponderance of the testimony is to the effect that the proximate cause of the accident to the plaintiff was the negligence of Dr. Chapian in striking Larkin's machine when attempting to cut in front of Larkin, thereby causing the latter to lose momentary control of his machine.

As the Court has reached the conclusion that plaintiff's injuries were not the result of the negligence of the defendant, the latter's motion for a new trial is hereby granted.

For plaintiff: Wilson, Lovejoy, Budlong & Clough.

For defendant: McGovern & Slattery.